**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RICHARD THOMAS ANTHONY,  :  | **Hon. Jerome B. Simandle** |
| Petitioner,  :  | Civil Action No. 06-2556 (JBS) |
| v.  :  |  |
| CHARLES SAMUELS, JR.  :  | **OPINION** |
| Respondent.  :  |  |

**APPEARANCES:**

    RICHARD THOMAS ANTHONY, #10434-040
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge

    Richard Thomas Anthony filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence.  Having thoroughly reviewed Petitioner's submissions, this Court dismisses the Petition for lack of jurisdiction.

## I.  BACKGROUND

    Petitioner challenges a 92-month sentence imposed in the United States District Court for the Western District of Michigan on October 17, 2001, after a jury found him guilty of unlawful possession of a firearm by a convicted felon.  See United States v. Anthony, Crim. No. 01-0076-GJQ-1 (EBB) judgment (W.D. Mich. Oct. 17, 2001).  The Sixth Circuit Court of Appeals affirmed the

conviction on Oct 15, 2002.  See United States v. Anthony, C.A. No. 01-2484 (6th Cir. filed Oct. 29, 2001).

On September 18, 2003, Petitioner filed a motion to vacate the sentence under 28 U.S.C. § 2255.  The United States District Court for the Western District of Michigan denied relief on October 23, 2003, and February 6, 2004.  On February 22, 2005, Petitioner filed a motion, which the sentencing court construed as a second § 2255 motion and transferred to the Sixth Circuit Court of Appeals.  See Anthony v. United States, Civil No. 03-601-GJQ mem. order (W.D. Mich. June 14, 2005).  On November 7, 2005, the Sixth Circuit denied the application to file a second or successive § 2255 motion.  Id.

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence essentially on the ground that the trial court unconstitutionally sentenced him as a career offender by erroneously ruling that his conviction for possession of a firearm by a convicted felon was a crime of violence.  Petitioner asks this Court to correct his sentence and order his immediate release.

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

>   (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[1]  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle v. U.S. ex rel. Miner,

---

[1] Specifically, paragraph five of § 2255 provides:

>   An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

290 F.3d 536, 539 (3d Cir. 2002).  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  In this case, because the sentencing court "could have entertained the prisoner's claim, inquired fully into the facts and granted the very relief the prisoner is seeking," § 2255 is not inadequate or ineffective for Petitioner's challenge to his sentence as a career offender. United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).  This Court will therefore dismiss the Petition for lack of jurisdiction.

### III.   CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


    **s/ Jerome B. Simandle**
    **JEROME B. SIMANDLE, U.S.D.J.**

Dated:   **June 16,**       , **2006**